IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES BLACK,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois Corporation,

        Defendant.

Civ. No. 1:12-cv-02240-CL

ORDER

CLARKE, Magistrate Judge.

This case comes before the court on Defendant's Motion for Summary Judgment (#11). For the reasons stated below, the motion is DENIED.

## BACKGROUND

This matter involved an insurance claim made by the Plaintiff James Black pursuant to an insurance policy with Defendant State Farm Fire and Casualty Insurance Co., (State Farm). Plaintiff filed a proof of loss with State Farm for a theft and vandalism of property that he claims occurred at his residence located at 245 Nursery Lane, Grants Pass, Oregon on or about October

Page 1 – ORDER

2, 2010. Plaintiff listed an inventory of items that were damaged or stolen that included fixtures, jewelry, firearms, hunting and fishing equipment, and office equipment that totaled over $100,000. State Farm initiated an investigation into the Plaintiff's claim, and discovered that in 2007 and 2008 he filed forms with the Jackson County Circuit Court for a waiver and a deferral of fees associated with two separate claims in that court. On the forms, he failed to list many of the items of property that he later included in his proof of loss claim to State Farm. State Farm asserted that the failure to list the property on the forms, and the subsequent listing of them in his proof of loss was a material misrepresentation regarding the insurance policy; therefore it denied the Plaintiff's claim.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

## DISCUSSION

Based on State Farm's denial of his claim, Plaintiff brings the current action alleging a breach of the insurance policy contract. Defendant State Farm asserts that summary judgment is appropriate under the principles of judicial estoppel.

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) citing Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir.1996) and Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990). The court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." Russell, 893 F.2d at 1037.

A court "may" consider three factors in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Hamilton, 270 F.3d at 782-83, quoting New Hampshire v. Maine, 532 U.S. 742 (2001) (internal quotations and citations omitted). These three factors are not, however, "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." New Hampshire, 532 U.S. at 751. Rather, "[a]dditional considerations may inform the doctrine's application in specific factual contexts." Id.

For instance, courts have also considered a party's bad faith in determining whether the doctrine applies. See Kitchen v. WSCO Petroleum Corp., 2006 WL 118515 (D. Or. Jan. 13, 2006) citing Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir1997); see also Burnes v. Pemco

Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir2002); In re Coastal Plains, 179 F.3d 197, 206 (5th Cir1999) ("many courts have imposed the additional requirement that the party to be estopped must have acted intentionally, not inadvertently" (citations omitted)). Thus, judicial estoppel does not apply "[i]f incompatible positions are based not on chicanery, Johnson v. State, Oregon Dept. of Human Resources, Rehab. Div., 141 F.3d 1361, 1369 (9th Cir. 1998), or "when a party's prior position was based on inadvertence or mistake." Helfand, 105 F.3d at 136. Mere inconsistency is not enough to permit a conclusion that a party has been playing fast and loose. General Signal Corp. v. MCI Telecomm. Corp., 66 F.3d 1500, 1505 (9th Cir. 1995), cert denied, 516 U.S. 1146 (1996).

State Farm concedes that "the majority of cases dealing with judicial estoppel concern initial representations made in the context of a bankruptcy proceeding, with the party then taking an inconsistent position in a subsequent judicial proceeding." However, State Farm asserts that judicial estoppel is not limited to bankruptcy proceedings.

Indeed, in Sugar v. Sugar, 212 Or. App. 465, 157 P.3d. 1263 (2007), the court applied judicial estoppel to prevent the former wife from asserting that her income at the time of the original divorce proceeding was higher than she stated at that proceeding. The wife benefitted from her originally-stated lower income when the court awarded her spousal support; thus she could not subsequently argue that her income was actually higher all along in order to avoid termination of the spousal support, and thereby gain a second benefit from her inconsistent position. Id. Under Oregon law, then, the application of judicial estoppel depends on the existence of three predicates: (1) a benefit; (2) obtained in a different judicial proceeding; (3) by means of asserting a position inconsistent with a position asserted in a later judicial proceeding. Id. at 470.

The case at bar is distinguishable from the case law cited. The bankruptcy cases, as well as Sugar and other non-bankruptcy cases, all deal with a judicial proceeding in which the person benefitted from a substantive decision by a court based on the person's intentional representations of assets. By contrast, here we have two instances of administrative paperwork, filled out at the clerk's counter without legal counsel or assistance from an accountant, and submitted merely to determine whether the Plaintiff had to pay a filing fee in a matter unrelated to State Farm or the insurance claim. Plaintiff asserts that he had good faith reasons for his failure to list on his filing fee forms the assets identified by State Farm, including his belief that he did not own certain items due to foreclosure or lack of equity, and his confusion about terms on the form such as "household goods." He claims he was getting advice from the person who handed him the forms to fill out.

Certainly, submitting a filing fee waiver or deferral is not, per se, outside the realm of "a judicial proceeding." However, here the forms did not affect the substantive outcome of the Plaintiff's prior cases, and it is unclear how they misled or prejudiced the current defendant, considering State Farm first became aware of the forms' existence when it conducted an investigation into Plaintiff's insurance claim.

There are too many questions of fact surrounding Plaintiff's conduct, including his intent in submitting the forms, whether those submissions are "clearly inconsistent" with his current position, and whether he intentionally misled the court or the parties in a substantive way that should prevent him from submitting his insurance claim in the interest of justice. The Court simply cannot find that he intentionally misrepresented his assets in the ways contemplated by the prior case law such that judicial estoppel is appropriate. The unique facts of this case create a scenario that must submitted to a jury to decide, based on all the evidence, including the forms at

issue here, whether the Plaintiff made material misrepresentations about the assets and property subject to his insurance claim.

## ORDER

For the reasons stated above, the defendant's motion (#11) is DENIED.

It is so ORDERED and DATED this 10 day of September, 2013.

_____
MARK D. CLARKE
United States Magistrate Judge